UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                                              Case Number 03-20025-BC
v.                                       Honorable David M. Lawson

KENNETH KENNY,

                Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

The defendant, Kenneth Kenny, was charged along with co-defendant Christopher Perry in a multiple-count superseding indictment with various drug and weapons offenses arising from an alleged conspiracy to manufacture methamphetamine. The case was tried to a jury, which acquitted Kenny of all charges except for the one contained in count eleven of the superseding indictment charging him with being a felon in possession, "in or affecting commerce," of "certain firearms at 4970 N. Finley Lake Road, Harrison, Michigan, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)." Sup. Indictment at 7. The verdict was returned on May 4, 2004. A sentencing hearing was scheduled in the matter for August 23, 2004, but it was adjourned several times at the request of the parties because of the uncertainty over the status of the United States Sentencing Guidelines that ultimately was resolved by *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005), which was decided January 12, 2005. On January 21, 2005, the defendant filed a motion for new trial pursuant to Federal Rule of Criminal Procedure 33 on the ground that "newly discovered evidence" establishes his actual innocence; he argues that the Michigan state court convictions on which the section 922(g)(1) violation was predicated no longer barred his legal possession of a firearm. The government filed an answer in opposition to the motion, and the Court heard oral argument on

February 24, 2005.  The Court now finds that the defendant's right to possess a firearm was not fully restored under Michigan law, the "newly discovered" evidence likely would not produce an acquittal at a new trial, and the defendant's motion lacks merit.  The Court will deny the motion for a new trial.

Title 18, section 922(g)(1) prohibits a person previously convicted of a prior felony, that is, "a crime punishable by imprisonment for a term exceeding one year," from "possess[ing] in or affecting commerce, any firearm or ammunition."  However, federal law qualifies that restriction by exempting certain convictions from acting as a prohibition against firearm possession. Specifically, "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."  18 U.S.C. § 921(a)(20).

At trial, Kenny stipulated that the firearms he allegedly possessed had traveled in interstate commerce and that he previously was convicted of a felony under state law.  He now argues, however, that he has recently discovered that his civil right to possess firearms has been restored by operation of Michigan law, and therefore his prior felony convictions cannot serve as predicate felonies under section 922(g).

A motion for new trial must be brought within seven days of the verdict unless it is based on newly discovered evidence, in which case it may be filed within three years after the verdict.  *See* Fed. R. Crim. P. 33(b)(1) & (2).  These time limits are jurisdictional.  *See United States v. Vincent*, 20 F.3d 229, 237 (6th Cir. 1994).  Kenny's motion for new trial was filed over nine months after the jury returned its verdict of guilt, so it must be based on newly discovered evidence.

-2-

A defendant seeking a new trial on the ground of newly discovered evidence has the burden of demonstrating that "(1) the evidence was discovered after the trial, (2) it could not have been discovered earlier with due diligence, (3) it is material and not merely cumulative or impeaching, and (4) it would likely produce an acquittal if the case was retried." *United States v. Turns*, 198 F.3d 584, 586 -587 (6th Cir. 2000). The defendant does not allege the restoration of his civil rights could not have been discovered earlier with due diligence. The Sixth Circuit has held that "[a]n attempt to relitigate the case on a new theory is not considered newly discovered evidence but is merely newly discovered issue of law." *United States v. Olender*, 338 F.3d 629, 636 (6th Cir. 2003). More importantly, however, as explained in detail below, the Court does not believe that the evidence would result in an acquittal because Kenny's right to possess a firearm was not fully restored within the meaning of section 921(a)(20).

Michigan law contains provisions that operate to restore the right of persons convicted of certain felonies to possess firearms upon the fulfillment of specific conditions. The terms of those conditions depend on the nature of the prior felony conviction. For some felonies, the convict need only wait three years after completion of his prison sentence, pay all fines, and successfully complete all conditions of probation or parole. *See* Mich. Comp. Laws § 750.224f(1). However, for certain "specified felonies," the convict must wait five years after release from custody, and in addition to paying fines and successfully completing parole or probation, he must apply to and receive permission from the county weapons licensing board to "to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm." Mich. Comp. Laws §§ 750.224f(2), 28.424.

According to the Michigan statute, a

-3-

"specified felony" means a felony in which 1 or more of the following circumstances exist:

(i) An element of that felony is the use, attempted use, or threatened use of physical force against the person or property of another, or that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

(ii) An element of that felony is the unlawful manufacture, possession, importation, exportation, distribution, or dispensing of a controlled substance.

(iii) An element of that felony is the unlawful possession or distribution of a firearm.

(iv) An element of that felony is the unlawful use of an explosive.

(v) The felony is burglary of an occupied dwelling, or breaking and entering an occupied dwelling, or arson.

Mich. Comp. Laws § 750.224f(6).

The presentence investigator has reported that Kenny has three prior convictions: (1) an attempted breaking and entering offense in 1962, Pre-Sentencing Report (PSR) ¶ 71; (2) a larceny in a building offense in 1963, PSR ¶ 73; and (3) an unlawful use of a motor vehicle offense in 1970. PSR ¶ 80. Kenny does not dispute these facts. The government contends that the attempted burglary offense (attempted breaking and entering) is a "specified felony" under Michigan law because it is a crime that contains "[a]n element of . . . use, attempted use, or threatened use of physical force against the . . . property of another, or . . . involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Mich. Comp. Laws § 750.224f(6)(i).

The Sixth Circuit considered a similar argument in the contest of the similarly-worded Armed Career Criminal Act in *United States v. Fish*, 928 F.2d 185, 188 (6th Cir. 1991). That statute defines a "violent felony" as one that "otherwise involves conduct that presents a serious potential

risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  In determining that a Michigan conviction for attempted breaking and entering qualified as a predicate felony, the court observed that "'[t]he fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate.'  The fact that [defendant] did not complete the burglary offense does not diminish the serious potential risk of injury to another arising from an attempted burglary. Therefore, we hold that [defendant's] conviction for attempted burglary is a 'violent felony' under the 'otherwise' clause of § 924(e)(2)(B)(ii)."  *Fish*, 928 F.2d at 188 (quoting *United States v. Lane*, 909 F.2d 895, 903 (6th Cir.1990)).

The Court likewise finds that attempted breaking and entering as defined by Michigan law is a crime that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  Therefore, that crime constitutes a "specified felony" within the meaning of Michigan Compiled Laws section 750.224f(6)(i).  Since at least one of Kenny's prior convictions was for a "specified felony," Kenny was required to apply to his county  weapons licensing board for permission to possess a firearm.  *See* Mich. Comp. Laws §§ 750.224f(2)(b).  There is no evidence that he ever did so; therefore, he cannot claim now that his civil right to possess a firearm has been restored or that he may benefit from the exemption in 18 U.S.C. § 921(a)(20).

Moreover, even if the attempted breaking and entering conviction were not a "specified felony," Kenny would not qualify under section 921(a)(20)'s exempting language.  Under Michigan law, a felon's right to carry a firearm cannot be fully restored to the extent of a person who has never been convicted of a felony.  Although Michigan law allows felons to possess firearms under certain

-5-

specified conditions as noted above, the state permits a person to carry *concealed* firearms only if he "has *never* been convicted of a felony in this state or elsewhere, and a felony charge against the applicant is not pending in this state or elsewhere at the time he or she applies for a license described in this section."  Mich. Comp. Laws § 28.425b (emphasis added).  Section 921(a)(20) permits a felon to possess a firearm under federal law upon the restoration by the state of his civil rights "*unless* such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."  18 U.S.C. § 921(a)(20) (emphasis added). In *Caron v. United States*, 524 U.S. 308 (1998), the Supreme Court held that a restriction of the right to possess handguns outside a home or business triggered the "unless" clause because it constituted a restriction of a person's right to "ship, transport, possess, or receive firearms" within the meaning of Section 921(a)(20).  The Court adopted an "all-or-nothing" approach: "The unless clause is activated if a restoration of civil rights 'expressly provides that the person may not ... possess ... firearms.'  Either the restorations forbade possession of 'firearms' and the convictions count for all purposes, or they did not and the convictions count not at all."  *Id.* at 314 (citation omitted).

Another judge in this district has held that Michigan's restriction against felons possessing *concealed* weapons, despite the fact the such felon may have had his civil right to possess weapons restored for other purposes, activates the "unless" clause for the purpose of the federal firearm disqualification in 18 U.S.C. § 922(g)(1).  *See United States v. Brown*, 69 F. Supp. 2d 925 (E.D. Mich. 1999) (Rosen, J.).  The Court agrees that the conclusion flows inevitably from the Supreme Court's reasoning in *Caron*, since "[a]s to the possession of weapons, . . . the Federal Government has an interest in a single, national, protective policy, broader than required by state law."  *Caron*, 425 U.S. at 316.

Kenny's three prior felony convictions, although decades old, would prevent him from possessing concealed weapons under Michigan law even if he were to qualify to have his civil right to possess firearms otherwise restored.  Therefore, he is, and at the time charged in the superseding indictment was, ineligible under federal law to possess a firearm.

Kenny's "newly discovered" evidence would not entitled him to an acquittal even if he were allowed a new trial.  Accordingly, it is **ORDERED** that the defendant's motion for new trial [dkt #90] is **DENIED**.

It is further **ORDERED** that the parties shall appear for a sentencing hearing on **August 24, 2005 at 3:30** o'clock in the afternoon.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 8, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 8, 2005.

s/Carol J. Greyerbiehl
CAROL J. GREYERBIEHL

-7-